126

### In re GILL.

Court of Customs and Patent Appeals. December 19, 1929.

No. 2176.

Cameron, Kerkam & Sutton, of Washington, D. C. (W. B. Kerkam and F. B. Smith, both of Washington, D. C., of counsel), for appellant.

T. A. Hostetler and Howard S. Miller, both of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge. This is an appeal from a decision of the Board of Appeals affirming the decision of the Examiner denying all claims in appellant's application for a patent for an alleged invention relating to a method of assembling "certain major units" of internal combustion engines, during manufacture, including the crank case, crank shaft, pistons, connecting rods, and cylinder blocks.

Claims 1, 4, and 9 are illustrative, and read as follows:

"1. The method of assembling internal combustion engines which consists in first placing the crank shaft in its bearings in the crank case of said engine, then securing the connecting rods and pistons to the crank shaft, then mechanically clamping all the pistons in a common vertical plane, then lowering the cylinder block to the crank case while mechanically guiding the cylinders in a predetermined, fixed path over the pistons."

"4. The method of assembling the cylinder blocks and crank cases in internal combustion engines which consists in first securing the crank case in position to receive the cylinder block, then suspending the cylinder block over the crank case, then mechanically securing the pistons in the vertical plane of the cylinder block and securing the crank shaft in its corresponding position, then in lowering and mechanically guiding the block into position on the crank case over the pistons and vibrating the block during the lowering thereof."

"9. The method of assembling the pistons in the cylinder block of an internal combustion engine which consists in arranging the pistons in a common axial plane and a pair of parallel planes at right angles thereto, then compressing the rings of said piston in the grooves thereof, then mechanically clamping the pistons to retain them in position and to retain said rings in their grooves, then alining the cylinder blocks in the axial plane of the pistons, and then moving the cylinder block into cooperation with the pistons while mechanically maintaining said alinement."

The application of appellant also discloses an apparatus for carrying out the alleged novel process. The apparatus, however, is not involved in this appeal. With reference to the prior art, appellant states in his application that: "In the assembly of these engines as heretofore practiced, it has been customary to lower such cylinder blocks over the pistons toward the crank case either by hand, or by the use of an ordinary chain block. As the heavy casting was lowered, the pistons, secured to their respective connecting rods on the engine crank shaft, were individually started into their proper cylinders in the cylinder block, the rings on each of the pistons being compressed in turn, as necessary. In this process of handling the work, there is no adequate control over motions of the cylinder block, especially lateral motions thereof. As a result, pistons have frequently stuck in their cylinders, because of difficulty in adequately compressing the rings in their grooves and for other reasons, and it has not been uncommon practice to pull and shake the cylinder block, and even to rap it with a hammer, in an endeavor to free a stuck piston. Such practices result in more or less lateral motion of the block with respect to the crank case, and as will be readily understood, such lateral motion puts a tremendous strain upon the rods and bearings of those pistons that are already engaged in their cylinders, and rods were frequently sprung and bent, and bearings distorted and cracked for this reason."

Appellant was allowed certain claims in his divisional application for an apparatus patent.

It appears from the record that prior to the invention of appellant's apparatus, the pistons were secured to their respective connecting rods, the piston rings were held in position by compression clamps, and the cylinder block, suspended over the pistons, was lowered "either by hand, or by the use of an ordinary chain block." The cylinder block was held in place or guided by workmen as it approached the crank case, and the pistons were held and inserted into the cylinders by other workmen. Frequently, because of the inability of the workmen to hold it precisely in its predetermined plane, the cylinder block moved laterally as the pistons were being inserted causing one or more of them to "stick" in the cylinders. The strain thus placed upon the rods and bearings caused injury to them. In an effort to overcome these difficulties, the cylinder block was sometimes shaken or struck with a hammer in order to cause it to vibrate.

The apparatus disclosed by appellant provides a means for mechanically clamping and holding the pistons in the desired positions. The cylinder block is not only mechanically guided in its descent to the crank case, but it is also mechanically vibrated as it comes in

contact with the pistons. These mechanical operations save time and effort, prevent the pistons sticking in the cylinders, and also prevent injury to the connecting rods and bearings.

In denying the process claims of appellant, the Board of Appeals, among other things, said: " * * * Stating the ground of rejection broadly it is that the essential steps of the claimed method are old in the procedure followed in assembling pistons in cylinder blocks as set forth on pages 3 and 4 of appellant's specification. In the memorandum filed with the request for rehearing it is pointed out that the prior art does not disclose the step included in certain of the claims of 'clamping all the pistons in a common vertical plane' or guiding the cylinder block while lowering the same in a 'predetermined rectilinear path.' The point is also made that the limitation to 'vibrating' the cylinder block 'within fixed limits' and included in certain claims is not disclosed in the prior art. But the prior art procedure was attempting to do these things although not with entire success. Thus when the pistons were moved to vertical positions under the cylinder block they were held there as rigidly as they could be manually and the only difference between appellant's method and the prior art so far as holding the pistons in an upright position is concerned is the difference between holding a thing manually and holding it by a machine. The same situation exists with respect to the lowering of the cylinder block in a predetermined rectilinear path. Obviously, that is the way in which the block would be lowered in prior art procedure so far as it was possible to guide the block in its lowering movement manually. Here again there is no new conception so far as a method is concerned but only the selection or invention it may be of a better apparatus for controlling the lowering movement. Touching the limitation in some of the appealed claims to vibrating the cylinder block 'within fixed limits' the prior art procedure as acknowledged in appellant's specification was to rap the cylinder block with a hammer when the piston stuck in the cylinder. So far as the vibrating step is concerned this is merely a refinement based on the particular machine employed to effect the vibration."

If the process disclosed by appellant is novel, he is entitled to be protected by a patent. If, on the contrary, as held by the Board of Appeals, the claimed process is old, and the invention of a new and improved apparatus is appellant's sole contribution to the art,

he is not entitled to a patent and the decision of the Board of Appeals should be affirmed.

It is contended by counsel for appellant that prior to the use of the method disclosed in appellant's application, it was impossible to control the lateral motions of the cylinder block as it came in contact with the pistons, and that, as a consequence, the cylinders, rods, and bearings were sometimes injured; that no one had "conceived the possibility of rigidly clamping the pistons in position to facilitate" their insertion into the cylinders, and that the old method of inserting them by hand was a time-consuming "diddling and fiddling" process; that in the old "hand" method of vibrating the cylinder block, it was impossible to secure the precise degree of vibration desired; and that time and money have been saved, and accuracy attained, by the use of appellant's new and improved process.

The solicitor for the Patent Office concedes that appellant has invented a new and valuable apparatus for assembling internal combustion engines, but he insists that the claimed process is old.

We think it clearly appears that the difficulties encountered in assembling certain major units of internal combustion engines by "hand" have been considerably, if not entirely, eliminated by the use of the apparatus invented by appellant. We are unable, however, to accept the view that a novel process has been devised.

The process of lowering the cylinder block and causing it to vibrate as the pistons were inserted in the cylinders is old. Under the alleged novel process the pistons are held in place by clamps; formerly they were held in place by workmen. So, it seems to us, the claimed process is old, and the new and beneficial results are obtained by the means, and not by the process, employed.

We are in accord with the views expressed by the Board of Appeals, and its decision is therefore affirmed.

Affirmed.